UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

EDGAR PRADO, on his own behalf
and those similiary situated,

    Plaintiff,

v.

MC MIAMI ENTERPRISES, LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND JURY TRIAL

Plaintiff, EDGAR PRADO, ("Plaintiff"), on behalf of himself and other former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, MC MIAMI ENTERPRISES, LLC, a Florida Limited Liability Company ("MC MIAMI" or "Defendant") for unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, and other relief in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("the FLSA").

## NATURE OF THE SUIT

1. This action is brought under the FLSA to recover from Defendant minimum wage, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

2. This action is intended to cover Defendant's wage violations against Plaintiff and on behalf of other similarly situated current and former non-exempt "tipped" employees of the

Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), within the past three (3) years pursuant to the FLSA.

## PARTIES

3. Plaintiffs are non-exempt hourly paid service/restaurant employees and performed related activities for Defendant in Miami-Dade County, Florida. Plaintiff's job duties as non-exempt tipped employees included, at varying times, serving food, cleaning tables, bussing tables, bartending, and other non-management/non administrative tasks involved in the production aspect of serving patrons food and beverages at Defendant's restaurant.

4. Defendant, "MC MIAMI", a Florida Limited Liability Company, is a restaurant located within Miami-Dade County, Florida.

## JURISDICTION

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

8. At all times during the last three (3) years, Defendant was an enterprise covered by the FLSA and as defined by 29 U.S.C.§§ 203(r) and 203(s).

9. At all times during the last three (3) years, Defendant was an employer within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that, said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the all times relevant.

12. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, drinks, beverages, cash registers, pots, pans, dishwashing equipment, telephones and other kitchen, food preparation and office materials and tools.

13. At all times material hereto, Plaintiff and others similarly situated, were "engaged in commerce" by virtue of the fact that they regularly completed financial transactions with Defendant's customers' credit card companies, banks, and third-party payment processing services outside the State of Florida, and with foreign customers/tourists as part of their daily duties with Defendant.

14. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendant in that Defendant could not operate their restaurant and businesses without, among others, bussers, servers, and bartenders.

15. At all times material hereto, Defendant "MC Miami" operated to serve food and beverage to the general public in a sit-down restaurant setting.

## FACTUAL ALLEGATIONS

16. Defendant operates and/or operated a fine dining restaurant located in Miami-Dade County Florida.

17.     Plaintiff, Edgar Prado, worked for Defendant as a non-exempt hourly paid "tipped" employee from approximately August of 2011, through February 2017. During his employment, Plaintiff worked anywhere between forty (45) hours each workweek and fifty (60) (or more) hours per workweek. He was normally <u>scheduled</u> from 4:00pm to close at least five (5) days per week. Plaintiff is not in possession of all of his pay and time records, and cannot, therefore, calculate with certainty, the amount of overtime and unpaid wages he is entitled to as a result of Defendants' violations of the FLSA on a week by week basis, absent full access to same.

18.     Plaintiff, and others similarly situated, were paid pursuant to a "tip-pool."

19.     During all times relevant, Defendant was required to pay employees minimum wage under both federal law for all hours worked.

20.     Under the FLSA, if an employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour in Florida during all times relevant) to satisfy its obligation to pay its employees at least a minimum wage. The burden is on the employer to prove they are entitled to take the tip credit against the employee's wages pursuant to the FLSA.

21.     To utilize the tip credit under the FLSA, the employer must pay its employees the proper minimum wage and allow its tipped employees to retain **all the tips** they receive, except when there is a **valid arrangement for** "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage for each and every hour worked during each workweek.

22.     Defendant failed to satisfy the tip pooling requirements of 29 U.S.C. § 203(m) during all times relevant, because non-tipped employees such as managers, polishers, and food

expeditors, illegally participated in the tip pool. Thus, Defendant was not eligible for the tip credit and were required to pay Plaintiff the full applicable minimum wage rate required by the FLSA.

23. By failing to satisfy the requirements of 29 U.S.C. § 203(m) during all times relevant, Defendant was not eligible for the tip credit and were required to pay Plaintiff the full applicable overtime and minimum wage rate required by the FLSA.

24. During all times relevant, Defendant utilized the tip credit to pay Plaintiff, who served food and/or beverages to Defendants' customers, at an hourly wage rate that was less than the applicable minimum wage allowed under the FLSA. Additionally, Defendant did not allow Plaintiff to retain all of his tips. Defendant required Plaintiff to pay a portion of his tips to non-tipped employees and/or employees who illegally received tips shares such as managers, polishers, and food expeditors.

25. Specifically, Defendant required Plaintiff to give all cash tips/credit card tips to management and management held onto same, and then split these tips with employees that were not eligible to receive tips. In fact, these tips were shared with positions, such as managers, polishers, and food expeditors - work in what is referred to in Defendant's restaurant as "behind the wall,"- wherein these employees rarely, if ever, interact with Defendant's patrons.

26. Defendant also required Plaintiff, and other similarly situated employees, to work off the clock and attend meetings and clean the restaurant without accounting for, or compensating Plaintiff and the purported class members for same.

27. During all times relevant, and as explained above, Plaintiff worked over forty hours during multiple weeks of employment with Defendant.

28. During all times relevant, Defendant did not pay Plaintiff the applicable minimum wage rate for regular hours worked.

5

29. During all times relevant, Defendant did not pay Plaintiff the applicable overtime wage for overtime hours worked.

30. Moreover, during all times relevant, Defendant willfully engaged in practices that denied Plaintiff applicable minimum and overtime wages under the FLSA, because Defendant was aware that its tip pooling practices were/are illegal.

31. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

32. Plaintiff reincorporates and re-alleges paragraphs 1 through 31 as though set forth fully herein and further alleges as follows:

33. Plaintiff, and those similarly situated, are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid proper time and one half compensation for same.

34. Plaintiff is not an exempt employees as defined by the FLSA.

35. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

36. As a result of Defendan's willful violation of the FLSA, Plaintiff is entitled to liquidated damages. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or

decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half the applicable minimum wage for their overtime hours.

37. Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether their pay practices were in violation of the FLSA.

38. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether their pay practices were in violation of the FLSA.

39. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether their pay practices were in violation of the FLSA.

## COUNT II
## RECOVERY OF MINIMUM WAGES (FLSA)

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above.

41. Plaintiff, and those similarly situated, were entitled to be paid the applicable federal minimum wage for each week Plaintiff worked during Plaintiff's employment with Defendant.

42. Defendant failed to pay Plaintiff, and those similarly situated to him, the federal minimum wage for each week Plaintiff worked for Defendant.

43. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate Plaintiff for same.

44. As a result of Defendant's actions in this regard, Plaintiff has not been paid the federal minimum wage for each hour worked during one or more weeks of employment with Defendant.

45. Defendant had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

46. Specifically, by engaging in illegal tip pooling practices, Defendant attempted to utilize a tip credit which diminished the appropriate payment of minimum wages to Plaintiff, and those similarly situated, as required by the FLSA.

47. Defendant willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

48. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated, has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    b. Award Plaintiff, and those similarly situated, overtime compensation in the amount due to them time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff, and those similarly situated to him, minimum wages in the amount due to him for each hour worked in each work week;

    e. Award Plaintiff liquidated damages in an amount equal to the minimum wages award;

    f. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    g. Award Plaintiff pre-judgment interest; and ordering any other further relief

the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 18th day of May, 2017.

**Respectfully Submitted,**

Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email:
richard@floridaovertimelawyer.com
Email:
noah@floridaovertimelawyer.com

By: _____
Richard Celler, Esq.
Florida Bar No.: 017330
By: _____
Noah E. Storch, Esq.
Florida Bar No.: 0085476

*Trial Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

EDGAR PRADO, on his own behalf
and those similiary situated,

    Plaintiff,

v.


MC MIAMI ENTERPRISES, LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

    I, EDGAR PRADO, consent to become the party plaintiff in the above-styled Lawsuit.

Date: May 18, 2017

Signature: /s/ Edgar Prado

Print: Edgar Prado